FABRICANTLLP

ALFRED R.FABRICANT

DIRECT: 212.257.5795
FAX: 212.257.5796

FFABRICANT@FABRICANTLLP.COM

December 1, 2022

Peter R. Marksteiner
Clerk's Office
United States Court of Appeals for the Federal Circuit
717 Madison Place, NW, Room 401
Washington, D.C. 20439

RE: *In re: Google LLC*, No. 2023-101

Dear Honorable Clerks,

Pursuant to Federal Rule of Appellate Procedure 28(j), Respondent Jawbone Innovations, LLC ("Respondent") respectfully submits the following supplemental authority, attached hereto as **Appendix A**.

On October 31, 2022, the Court of Appeals for the Fifth Circuit denied a Petition seeking a Writ of Mandamus ordering the District Court for the Northern District of Texas to transfer a case to the Western District of Texas. *In re Planned Parenthood Federation of Am., Inc.,* No. 22-11009 (5th Cir. Oct. 31, 2022). The Court held petitioners failed to show a clear and undisputable right to the writ where the record "falls well short of establishing that the destination venue is clearly more convenient than Respondents' chosen venue." Appendix A at 5.

Specifically, the Court found the private and public interest factors did not compel transfer:

- "The location of evidence bears much more strongly on the transfer analysis when…the evidence is physical in nature." *Id.* at 5. Since "the vast majority of the evidence was electronic, and therefore equally accessible in either forum," and "[t]here was some remaining documentary evidence in both" districts, the factor weighed against transfer. *Id.*

- "As to the availability of compulsory process, the district court found that this factor did not weigh in favor of transfer because the ***Petitioners failed to identify any witnesses who would be unwilling to testify***." *Id.* (emphasis added).

- "As to the cost of attendance for willing witnesses, the relevant witnesses reside across the state and across the country." *Id.* at 6. With such distribution, the factor's direction and weighting was not clear. *Id.*

- As to court congestion, "To the extent docket efficiency can be reliably estimated, the district court is better placed to do so than this court. Moreover, this case appears to be timely proceeding to trial before the Amarillo Division. That fact further counsels against transfer." *Id.* at 7.

This authority is relevant to the petition and Respondent's arguments, including:

- Cost of Attendance of Willing Witnesses, Respondent's Brief at 6-9.
- Relative Access to Sources of Proof, *Id.* at 14-16.
- Court Congestion, *Id.* at 17.

Respondent respectfully requests the Court consider the supplemental authority.

Sincerely,

Alfred R. Fabricant

AF:ap

Attachment

# APPENDIX A

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
October 31, 2022
Lyle W. Cayce
Clerk

No. 22-11009

In re Planned Parenthood Federation of America, Incorporated; Planned Parenthood Gulf Coast, Incorporated; Planned Parenthood of Greater Texas, Incorporated; Planned Parenthood South Texas, Incorporated; Planned Parenthood Cameron County, Incorporated; Planned Parenthood San Antonio, Incorporated,

*Petitioners*.

Petition for a Writ of Mandamus
to the United States District Court
for the Northern District of Texas
USDC No. 2:21-CV-22

Before Elrod, Graves, and Ho, *Circuit Judges*.

Jennifer Walker Elrod, *Circuit Judge*:*

We have often said that a writ of mandamus is an "extraordinary remedy" reserved for "extraordinary causes." *In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 350 (5th Cir. 2017) (quoting *Cheney v. U.S. District Court for D.C.*, 542 U.S. 367, 380 (2004)). Such a remedy is warranted only by "exceptional

* Judge Ho concurs in the denial of the petition for a writ of mandamus based on the considerations of timeliness and delay identified by the district court and noted in Judge Elrod's opinion.

circumstances amounting to a judicial usurpation" or "a clear abuse of discretion." *Cheney*, 542 U.S. at 390 (quotations omitted). Because Petitioners have not shown that either of those circumstances are present here, we deny the petition, and deny the motion to stay as moot.

I.

This mandamus petition concerns a *qui tam* action brought against Planned Parenthood Federation of America, Inc., and five Texas-based affiliates.[1] Relator filed his initial complaint on February 5, 2021, alleging that Petitioners presented millions of dollars of false or fraudulent claims for payment under the Medicaid system.[2] The State of Texas joined the action, filing a complaint in intervention in January of 2022. Shortly after, the case was unsealed, and Petitioners were served on January 26, 2022. Petitioners moved to dismiss both complaints, and the district court denied those motions in large part in April of 2022. Petitioners then sought reconsideration of that order, which the district court denied in July of 2022. Discovery proceeded meanwhile; tens of thousands of documents were exchanged and several motions to compel were raised by both parties and ruled on.

Seven months after the case was unsealed, Petitioners moved to transfer to the Austin Division of the Western District of Texas, arguing that it is a more convenient forum than the Amarillo Division of the Northern District of Texas, where the case was originally filed and remains pending. The

---

[1] These are Planned Parenthood Gulf Coast, Inc., Planned Parenthood of Greater Texas, Inc., Planned Parenthood South Texas, Inc., Planned Parenthood Cameron County, Inc., and Planned Parenthood San Antonio, Inc.

[2] The basis of the alleged fraud relates to the series of events in which the States of Texas and Louisiana terminated Petitioners' Medicaid provider agreements based on the assertion that Planned Parenthood's policies regarding the sale of fetal tissue violated numerous state and federal laws. *See generally Planned Parenthood of Greater Texas v. Kauffman*, 981 F.3d 347 (5th Cir. 2020) (en banc).

district court denied that motion. Order, *United States v. Planned Parenthood Federation of America, Inc.*, No. 2:21-cv-22 (N.D. Tex. Sept. 20, 2022), ECF 183. Petitioners then filed the instant mandamus petition.

II.

We issue a writ of mandamus only if the petitioner satisfies three conditions. First, it must show it has "no adequate means to attain the relief [it] desires." Second, the court must be "satisfied that the writ is appropriate under the circumstances." And third, the petitioner must show a "clear and indisputable" right to the writ. *Cheney*, 542 U.S. at 367 (quotations omitted). This requires "more than showing that the court misinterpreted the law, misapplied it to the facts, or otherwise engaged in an abuse of discretion." *In re Lloyd's Register North America, Inc.*, 780 F.3d 283, 290 (5th Cir. 2015). Instead, and particularly in the context of a motion to transfer, "we review only for clear abuses of discretion that produce patently erroneous results." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008).

III.

Assuming *arguendo* Petitioners could satisfy the first two conditions, we are compelled to deny their mandamus petition because they fail to show a clear and indisputable right to the writ.

A.

At the outset, we stress that the decision of whether to transfer a case is committed to the district court's discretion. *In re Volkswagen*, 545 F.3d at 311 ("There can be no question but that the district courts have 'broad discretion in deciding whether to order a transfer.'") (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998)). The ultimate inquiry is whether the destination venue is "clearly more convenient than the venue chosen by the plaintiff." *Id.* at 315. Of course, whenever "a defendant is haled into

court, some inconvenience is expected and acceptable." *Defense Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022). But "the fact that litigating would be more convenient for that defendant elsewhere is not enough to justify transfer." *Id.* Instead, the party seeking transfer must "clearly establish good cause for transfer based on convenience and justice." *Id.*

The familiar transfer analysis proceeds in two parts. First, the district court must ask whether the case "might have been brought" in the destination venue. 28 U.S.C. § 1404(a). The parties agree this action might have been brought in the Austin Division of the Western District of Texas.

Second, the district court must weigh the private and public interest factors set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) to determine whether the destination venue is "clearly more convenient than the venue chosen by the plaintiff." *In re Volkswagen*, 545 F.3d at 315.

> The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.
>
> The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*In re Volkswagen*, 545 F.3d at 315 (quotations omitted). We have emphasized that in weighing these factors, no one consideration "can be said to be of dispositive weight." *Id.* (quoting *Action Industries, Inc. v. U.S. Fidelity & Guarantee Co.*, 358 F.3d 337, 340 (5th Cir. 2004)).

We have also emphasized that the *Gilbert* factors "are not necessarily exhaustive or exclusive." *In re Volkswagen*, 545 F.3d at 315. Pertinent here,

"courts have considered a party's delay in denying a motion to transfer." *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (collecting cases). That is so because "parties seeking a change in venue should act with 'reasonable promptness.'" *Id.* (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3847 (2d ed. 1986)).

B.

The record before us falls well short of establishing that the destination venue is clearly more convenient than Respondents' chosen venue. The district court specifically addressed each factor.

1.

a.

The district court first concluded that the private interest factors weigh against transfer. It found that the vast majority of the evidence was electronic, and therefore equally accessible in either forum. The location of evidence bears much more strongly on the transfer analysis when, as in *Volkswagen*, the evidence is physical in nature. *See In re Volkswagen*, 545 F.3d at 316–17. The district court further found that there was some remaining documentary evidence in both the Northern District and the Western District.[3] As to the availability of compulsory process, the district court found that this factor did not weigh in favor of transfer because the Petitioners failed to identify any witnesses who would be unwilling to testify. Indeed, the availability of compulsory process "receives less weight when it has not been alleged or shown that any witness would be unwilling to testify." *Hefferan v.*

[3] Petitioners stress that the Northern District evidence is located across the district, not specifically in Amarillo, but this fact does not *per se* render the Amarillo Division less convenient than the Austin Division. Rather, it is one consideration to be weighed against the private and public interest factors. *See In re Volkswagen*, 545 F.3d at 315.

*Ethicon Endo-Surgery Inc.*, 828 F.3d at 488, 499 (6th Cir. 2016); *see also Curtis v. Galakatos*, 19 F.4th 41, 53 (1st Cir. 2021). As to the cost of attendance for willing witnesses, the relevant witnesses reside across the state and across the country: Pennsylvania, Maryland, Houston, Dallas, San Antonio, and Austin. In light of this fact, the parties spar over whether it would be cheaper for the witnesses to travel to Austin or Amarillo. The district court acknowledged these arguments, finding that there are more flights into Austin, but that others costs in Amarillo are less—such as hotels and restaurants. It is not altogether clear in which direction these various costs weigh. Nonetheless, we cannot say that this analysis is based on incorrect legal principles or erroneous factual findings such that it would constitute an abuse of discretion.[4]

b.

The district court also stressed the lateness of Petitioners' motion to transfer. It concluded that the motion was "inexcusably delayed," observing that Petitioners "filed their motion *seven months* after this case was unsealed and months into the discovery period." *Planned Parenthood Federation of America, Inc.*, No. 2:21-cv-22, ECF 183 at 8. The district court was within its discretion to conclude that Petitioners' failure to seek relief until late in the

[4] Petitioners argue that the district erred as a matter of law by "adopting a district-wide analysis." But we have never framed the transfer analysis as focusing exclusively on either the destination *district* or destination *division*. It is telling, then, that Petitioners cite no Fifth Circuit precedent for their argument, or indeed any circuit precedent at all. What is more, Petitioners' argument fails on its own terms. They contend that the district court analyzed the convenience factors as to the Northern District of Texas, instead of the Amarillo Division, but that it simply not true. On the contrary, the district court assessed the convenience of the Amarillo Division on multiple occasions. *See Planned Parenthood Federation of America, Inc.*, No. 2:21-cv-22, ECF 183 at 7, 8, 9, 10, 11. It also considered the convenience of the Austin Division throughout. *See id.* at 5–11. To be sure, the district court sometimes assessed the convenience of the Northern District and the Western District at that level of generality, but nothing in its order suggests that it improperly excluded division-specific considerations.

litigation weighed against transfer. *See Peteet*, 868 F.2d at 1436. This conclusion is only strengthened by the fact that Petitioners waited to seek transfer until after the district court denied their motion to dismiss and motion for reconsideration. *See Planned Parenthood Federation of America, Inc.*, No. 2:21-cv-22, ECF 183 at 8 (citing *Utterback v. Trustmark Nat'l Bank*, 716 F. App'x 241, 245 (5th Cir. 2017)) ("Given the timing of [Movant's motion to transfer], it would emphatically not serve the interest of justice to allow him to take a second bite at the apple in Florida, just after learning he would lose in Mississippi.") (quotation omitted).

2.

The district court then concluded that the public interest factors also weigh against transfer. It first found that the Amarillo Division is less congested than the Austin Division. To be sure, some courts have held that this factor is "speculative." *In re Genetech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). But to the extent docket efficiency can be reliably estimated, the district court is better placed to do so than this court. Moreover, this case appears to be timely proceeding to trial before the Amarillo Division. That fact further counsels against transfer. The district court also found that Austin citizens had no more interest in having this case decided at home than any other Texan. That is so because this case concerns Planned Parenthood operations—and the provision of Medicaid funds—statewide. Furthermore, the defendants and the witnesses are located across the state and across the country. We agree that this is not the sort of localized case where the citizens of Austin have a greater "stake" in the litigation than the citizens of Amarillo. *In re Volkswagen*, 545 F.3d at 317–18. Finally, the district court found that the forum's familiarity with the law and the avoidance of conflicts-of-law

problems did not weigh in favor of transfer. Petitioners fail to demonstrate that these findings constitute an abuse of discretion.[5]

* * *

We reiterate that district courts have broad discretion in deciding motions to transfer; they need only grant such a motion where the evidence demonstrates that the destination venue is "clearly more convenient" than the chosen venue. *In re Volkswagen*, 545 F.3d at 315. We review that decision "only for clear abuses of discretion that produce patently erroneous results." *Id.* at 312. The district court carefully considered each of the private and public interest factors, ultimately concluding that they do not weigh in favor of transfer. The standard for reversing that holding is high. We cannot say that it has been met here.

[5] Petitioners argue that the Austin Division is more convenient because it is the division where the litigation concerning the Medicaid provider agreement terminations took place, and this case might be assigned to the same district judge who presided over that case. *See Planned Parenthood of Greater Texas v. Smith*, No. 1:15-cv-1058 (W.D. Tex.). However, the parties dispute whether the district judge assigned to *Smith* continues to take new cases. We need not enter into that discussion because it is speculative at best that the same district judge would be assigned to this case if it were transferred to the Austin Division. Moreover, these two cases are not so related that this factor would demand transfer by itself. *Compare In re Volkswagen*, 545 F.3d at 315. On the contrary, they involve different parties, different claims, and different legal standards. And although some factual issues may be similar, not all of them are. Finally, this factor more commonly applies where the destination venue is in a different State—in which case that State's familiarity with the applicable law would be especially probative to the transfer analysis. *See, e.g.*, *Defense Distributed*, 30 F.4th at 436.

IV.

Petitioners fail to show that the district court clearly abused its discretion in denying their motion to transfer. As a result, they fail to demonstrate that they are entitled to the extraordinary remedy of a writ of mandamus.

The petition for a writ of mandamus is DENIED. The motion to stay is DENIED AS MOOT.